NOT DESIGNATED FOR PUBLICATION

No. 115,992

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD G. HOOPER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed February 10, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

*Per Curiam*:  Richard G. Hooper appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Hooper's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested that the district court's judgment be affirmed.

On April 9, 2015, Hooper pled guilty to one count of possession of methamphetamine and one count of possession of marijuana with a prior conviction. On June 4, 2015, the district court imposed a controlling sentence of 28 months' imprisonment but granted probation with community corrections for 12 months.

1

The record reflects that the district court held probation revocation hearings on August 21, 2015, and again on October 30, 2015. Although Hooper stipulated to violating the conditions of his probation, the district court continued Hooper on probation at each hearing and extended the term of his supervision.

On May 12, 2016, Hooper admitted to violating his probation by failing to report to his probation officer and by failing to participate in treatment. The district court made findings that imposition of intermediate probation sanctions would not serve Hooper's welfare. The district court then revoked Hooper's probation and ordered him to serve a modified sentence of 16 months' imprisonment. Hooper timely appealed.

On appeal, Hooper claims the district court "abused its discretion by revoking probation and ordering execution of the underlying sentence." Hooper acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, the decision to revoke probation generally is within the district court's sound discretion. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In 2013, our legislature limited a district court's discretion to order that a probation violator serve his or her underlying sentence by amending K.S.A. 22-3716. The statute as amended provides that after finding that the conditions of probation have been violated,

2

the court is to apply graduated intermediate sanctions ranging from modification of the defendant's release conditions to brief periods of confinement in jail that increase in length depending on the number of lesser sanctions already imposed by the court. See K.S.A. 2015 Supp. 22-3716(c)(1)(A)-(D). Pursuant to K.S.A. 2015 Supp. 22-3716(c)(9), the court may revoke probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015).

Here, at the probation revocation hearing, the district court summarized the procedural history of Hooper's case, including his multiple failures on probation, and observed that "the definition of insanity is doing the same thing [over and over again] and expecting a different result." The district court found that intermediate sanctions would not serve Hooper's welfare, and Hooper does not challenge the sufficiency of the district court's finding on appeal. The district court was not required to impose an intermediate sanction in this instance, and the court's decision to revoke Hooper's probation was not arbitrary, fanciful, or unreasonable. Thus, we conclude the district court did not err in revoking Hooper's probation and ordering him to serve a modified sentence.

Affirmed.